IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOE F. HINES, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-522-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| PHILLIP VALDEZ, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court are various motions filed by the parties.  All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 8).  Having reviewed the record, including the state court record, and having considered the arguments of the parties, the Court enters the following Order.

## MOTION TO DISMISS

### A.    Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such case, the Court construes the facts in a light most favorable to the petitioner.  Summary dismissal of a habeas petition on statute of limitations grounds is

MEMORANDUM DECISION AND ORDER  1

permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions.  *See* 28 U.S.C. § 2244(d)(1).  Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate the statute of limitations deadline, a petitioner must determine when his state court judgment became final.  His federal petition is due within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

MEMORANDUM DECISION AND ORDER  2

**B.      Background**

Petitioner was convicted by jury of two counts of possession of methamphetamine and cocaine, as well as two misdemeanor counts.  Judgment was entered on April 8, 1999. *State's Exhibit A-1*, pp. 65-69.  Petitioner thereafter filed a direct appeal.  *Id.* at pp. 79-83; *State's Exhibits B-1*.  The Idaho Court of Appeals affirmed Hines's convictions and sentences on August 4, 2000.  *State's Exhibit B-3*.  He filed a timely petition for review with the Idaho Supreme Court, but did not file a supporting brief.  *State's Exhibits B-4 through B-8*.  As a result, the Idaho Court of Appeals issued its Remittitur on November 15, 2000.  *State's Exhibit B-9*.

On November 19, 2001, Petitioner filed a post-conviction action. *State's Exhibit C-1*, p. 5-49.  After an evidentiary hearing, Petitioner's petition was denied.  *Id.*, pp. 158-74.  Petitioner filed a notice of appeal.  *Id.*, pp. 176-78.  The Idaho Court of Appeals affirmed the state district court's decision.  *State's Exhibit D-6*.  Petitioner filed a petition for review, which the Idaho Supreme Court denied on November 14, 2005.  The remittitur was issued the same day.  *State's Exhibits D-7 through D-13*.

Petitioner's federal Petition for Writ of Habeas Corpus was filed on December 21, 2006 (mailbox rule).

**C.      Discussion**

The Court begins by determining the date Petitioner's judgment became final. Assuming that Petitioner could have filed a writ of certiorari with the United States Supreme Court after his direct appeal, Petitioner's federal statute of limitations would

MEMORANDUM DECISION AND ORDER  3

have started 90 days after remittitur (November 15, 2000), which is February 13, 2000.

His statute ran for nine months until November 14, 2001, the day before Petitioner filed

his post-conviction petition (November 15, 2001 - mailbox rule date).  The Court agrees

with Respondent's assessment that all but three months of the federal statute of

limitations would have elapsed prior to the filing of the post-conviction petition.  When

the post-conviction judgment became final, on November 15, 2005, Petitioner had only

three months left in which to file.  However, he filed nearly one year later, on December

21, 2006, making his petition nine months too late.  As a result, his Petition is untimely

and cannot be heard absent a showing that equitable tolling should be applied.

**D.      Equitable Tolling and Petitioner's Request for Documents**

      1.      <u>Standard of Law</u>

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a

federal court can hear the claims only if the petitioner can establish that "equitable

tolling" should be applied.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court

clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstances stood in his way."  *Id*. at 418.  In order to qualify for

equitable tolling a circumstance must have *caused* Petitioner to be unable to file his

federal Petition in time.  *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (requiring

petitioner to show that "extraordinary circumstances" were the "but-for and proximate

cause of his untimeliness").

MEMORANDUM DECISION AND ORDER  4

2.     <u>Discussion</u>

Respondent provided Petitioner with the proper standard of law for equitable tolling in the Memorandum supporting the Motion to Dismiss (Docket No. 10-2). Petitioner has not filed a response to the Motion to Dismiss that was filed on April 16, 2007.  Petitioner has filed a request for extension of time to respond, and a request for a copy of the state court record (Docket Nos. 12 & 13).

The Court shall provide Petitioner with an opportunity to present written argument and evidence in response to the Motion for Summary Dismissal and in support of equitable tolling.  He shall present his argument in the form of a "motion to proceed on the merits of the petition," and he shall attach any exhibits or affidavits in support of his argument to the motion.  Thereafter, Respondent may file a response.  Petitioner need not address Respondent's alternative arguments, that the claims are noncognizable and procedurally defaulted, but he need only respond to the statute of limitations issue and present written argument and evidence on equitable tolling.

Petitioner has requested a copy of the lodged state court record, but he has not shown how it would aid him in demonstrating why his federal petition was late.  It is clear that he has at least some of the state court record in his possession.  At this point in this litigation, Petitioner must show that some type of "extraordinary circumstance" stood in the way of his filing his federal habeas petition on time.  If Petitioner describes how a copy of the state court record would help make such a factual showing and he lists which portions of the record are in his possession, the Court will consider providing additional

MEMORANDUM DECISION AND ORDER  5

portions of it to him.  However, it does not appear that the record would be helpful.
Therefore, the Court will grant Petitioner's request for an extension of time to respond,
but it will not provide a copy of the state court record absent a showing that he does not
have it and that it is necessary for a showing of timeliness or equitable tolling.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to
Dismiss (Docket No. 10) is CONDITIONALLY GRANTED.  The Court gives notice to
the parties that it intends to dismiss this case with prejudice on the basis of the
untimeliness  of all claims.  Petitioner shall have until **February 29, 2008**, in which to
file a motion to proceed on the merits of the petition to show that his claims are not
untimely, or that factual grounds exist to show that equitable tolling should be applied.
Petitioner shall include any documentary evidence or affidavits required to support his
factual allegations as exhibits attached to his motion.  Respondent may file a response, if
desired.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Extension of
Time to Respond to Motion for Summary Dismissal (Docket No. 12) is GRANTED.
Petitioner may file a response by **February 29, 2008** in the form of a "motion to proceed
on the merits of the petition," as described above.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Documents
(Docket No. 13) is DENIED without prejudice.

MEMORANDUM DECISION AND ORDER  6

DATED: **February 1, 2008**



Honorable Mikel H. Williams
United States Magistrate Judge